UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH A. WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>Defendant. | Case No. EDCV 09-40-OP<br><br>MEMORANDUM OPINION; ORDER |

The Court[1] now rules as follows with respect to the disputed issues listed in the Joint Stipulation ("JS").[2]

/ / /
/ / /
/ / /
/ / /

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See Dkt. Nos. 8, 9.)

[2] As the Court stated in its Case Management Order, the decision in this case is made on the basis of the pleadings, the Administrative Record, and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

I.

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") properly considered specific opinions from Plaintiff's treating and consultative sources;[3]
2. Whether the ALJ properly developed the record;
3. Whether the ALJ posed a complete hypothetical to the vocational expert ("VE").

(JS at 2-3.)

II.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

---

[3] The Court combines Plaintiff's first, second, and fourth claims into one discussion.

# III.

# DISCUSSION

**A.  The ALJ Properly Considered the Opinions of the Consultative and Treating Sources.**

Plaintiff contends the ALJ failed to provide specific and legitimate reasons, supported by substantial evidence, to reject the findings of two consultative examiners, Drs. Frank Morgan[4] and Lillian Chang.  (JS at 3-4, 12-15.)  Plaintiff also contends the ALJ failed to provide clear and convincing reasons, or specific and legitimate reasons based on substantial evidence, to reject the findings of treating physician, Dr. Maged Samaan.  (Id. at 5-8.)

**1.  Applicable Law.**

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight, because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).  The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record.  Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.

---

[4] Contrary to Plaintiff's contentions, Dr. Morgan is actually a treating source.  (AR at 226.)

2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

However, the Ninth Circuit also has held that "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas, 278 F.3d at 957; see also Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). A treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999); see also Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir. 1995). Additionally, "[w]here the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion of the nontreating source may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict." Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985).

**2.    The Opinion of Dr. Morgan.**

On November 15, 2005, Dr. Morgan conducted a magnetic resonance imaging ("MRI") of Plaintiff's brain. (Administrative Record ("AR") at 226.) Based upon the MRI, Dr. Morgan concluded:

> Two small enhancing foci of increased deep white matter signal intensity are seen involving the left parietal lobe measuring up to 5 - 6 mm in maximal combined transverse diameter consistent with given history of multiple sclerosis although relatively mild. Otherwise unremarkable MRI examination of the brain before and after gadolinium contrast administration.

(Id.)  Plaintiff argues that Dr. Morgan's findings corroborate Plaintiff's allegations of multiple sclerosis.  (JS at 4.)

In the decision, the ALJ found that Plaintiff suffered from, inter alia, the severe impairment of "history of multiple sclerosis without any focal or neurological findings."  (AR at 12.)  The ALJ also explicitly accepted Dr. Morgan's MRI findings by stating:

> An MRI of the brain taken in November, 2005, showed two small enhancing foci of increased deep white matter signal intensity involving the left parietal lobe measuring up to 5 - 6 mm in maximal combined transverse diameter consistent with the given history of multiple sclerosis although relatively mild.  The MRI was otherwise normal.

(Id. at 14 (citation omitted).)  The ALJ almost verbatim summarized and accepted the findings of Dr. Morgan, i.e., an unremarkable and normal MRI of Plaintiff's brain.  (Id.).  Accordingly, there was no error as the ALJ was not required to provide specific and legitimate reasons based upon substantial evidence to reject Dr. Morgan's findings.[5]

### 3.    **The Opinion of Dr. Chang.**

On April 26, 2005, Dr. Chang performed an internal medical evaluation on Plaintiff.  (AR at 151-55.)  Dr. Chang opined:

> [Plaintiff's] neurological examination does not reveal evidence of muscle atrophy; however, she is noted to have markedly decreased

---

[5] Plaintiff's contention that the medical expert, Dr. Sami Nafoosi, testified Plaintiff had no medically determinable impairment, and that the ALJ found no medically determinable impairment is factually incorrect.  (JS at 4.)  Rather, Dr. Nafoosi testified that Plaintiff has a history of multiple sclerosis without any focal or neurological findings, which the ALJ determined to be a severe impairment.  (AR at 12, 15, 51-52.)

|   |   |
|---|---|
| 1 | motor strength throughout her extremities. She gives away to simple |
| 2 | resistance on examination, which makes me suspect that the strength is |
| 3 | somewhat effort limited. |

(Id. at 155.) Based upon the evaluation, Dr. Chang assessed Plaintiff's functional ability as being able to perform a limited range of light work. (Id.)

In the decision, the ALJ summarized Dr. Chang's findings, but rejected the findings, "Given the claimant's questionable effort, any conclusions derived therefrom are suspect at best." (AR at 14.) Thus, the ALJ rejected Dr. Chang's opinion based upon evidence of Plaintiff's poor effort and lack of credibility, which Plaintiff does not dispute. Morgan, 169 F.3d at 602; see also Sandgathe, 108 F.3d at 980; Andrews, 53 F.3d at 1043.

Based on the foregoing, the Court finds that the ALJ's rejection of Dr. Chang's opinion was proper. Thus, there was no error.

### 4. The Opinion of Dr. Samaan.

On April 27, 2006, Dr. Samaan completed a multiple sclerosis residual functional capacity ("RFC") questionnaire. (AR at 218-23.) In the questionnaire, Dr. Samaan indicated that his "guarded" prognosis of Plaintiff's multiple sclerosis was based on an MRI finding. (Id. at 218.) The questionnaire states, "Attach all relevant treatment notes, radiologist reports, laboratory and test results which have not been provided previously to the Social Security Administration." (Id.) There is no indication that Dr. Samaan attached any other objective medical findings to support his multiple sclerosis diagnosis. Plaintiff suggests, "Dr. Samaan was referring to the MRI findings reported by Dr. Morgan . . . , since it is the only MRI report found in the record." (JS at 6; AR at 226.) Notably, Dr. Samaan's remaining questionnaire answers are based upon Plaintiff's subjective complaints. (AR at 218-223.)

In the decision, the ALJ rejected Dr. Samaan's findings:

> In April, 2006, Maged Samaan, D.O., indicated that claimant had a plethora of symptoms including disorganization of motor function in two extremities, and was unable to sit, stand, or walk even 2 hours in an 8 hour day. She was unable to lift or carry any weight and had significant limitations in the use of her upper extremities, and had total environmental restrictions. The undersigned rejects this assessment as unsupported by the objective medical findings. Indeed, there is no actual objective evidence of such disorganization of motor function, and all symptoms noted are entirely subjective in nature. This assessment is simply not credible and is rejected.

(Id. at 15 (citations omitted).) The ALJ rejected the opinion of Dr. Samaan as it was inadequately supported by the objective medical evidence. Thomas, 278 F.3d at 957; see also Matney, 981 F.2d at 1019. The record supports the ALJ's contention as there are no MRI reports validating Dr. Samaan's findings. As stated above, Dr. Morgan's unremarkable and normal MRI findings do not support the extreme limitations diagnosed by Dr. Samaan. See supra, Discussion Part III.A.2. Moreover, Dr. Samaan's findings are largely based upon Plaintiff's subjective complaints, which the ALJ properly discounted.[6] (AR at 15.) As a result, the ALJ properly rejected Dr. Samaan's opinion. Morgan, 169 F.3d at 602; see also Sandgathe, 108 F.3d at 980; Andrews, 53 F.3d at 1043. Finally, the ALJ also relied upon the testimony of Dr. Nafoosi with respect to the lack of objective evidence regarding Plaintiff's multiple sclerosis to reject Dr. Samaan's opinion. (AR at 15); see also Andrews, 53 F.3d at 1041; Magallanes, 881 F.2d at 751; Miller, 770 F.2d at 849.

---

[6] Plaintiff does not contest the ALJ's credibility finding. Thus, the Court declines to discuss this issue.

Based upon the foregoing, the Court finds that the ALJ provided specific and legitimate reasons supported by substantial evidence to properly reject Dr. Samaan's opinion. Thus, there was no error.

### B. The ALJ Fully and Fairly Developed the Record.

Plaintiff contends that the ALJ failed to properly develop the record by failing to obtain MRI scans and three years worth of treatment records that "may shed insight on Plaintiff's conditions." (JS at 9-11.) The Court disagrees.

The ALJ has an independent duty to fully and fairly develop a record in order to make a fair determination as to disability, even where, as here, the claimant is represented by counsel. Celaya v. Halter, 332 F.3d 1177, 1183 (9th Cir. 2003); see also Tonapetyan v. Halter, 242 F.3d, 1144, 1150 (9th Cir. 2001); Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996). The duty is heightened when the claimant is unrepresented or is mentally ill and thus unable to protect her own interests. Celaya, 332 F.3d at 1183; Higbee v. Sullivan, 975 F.2d 558, 562 (9th Cir.1992); see also Burch v. Barnhart, 400 F.3d 676, 682-83 (9th Cir. 2005) (distinguishing Burch from Celaya at least in part, based on the fact that the plaintiff in Burch was represented by counsel). Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." See Tonapetyan, 242 F.3d at 1150.

Here, the ALJ's duty to develop the record further regarding Dr. Samaan's opinion as to Plaintiff's disability was not triggered. The ALJ's opinion that Dr. Samaan's assessment was "simply not credible" is not an indication that the record was ambiguous or inadequate. See supra, Discussion, Part III.A. Rather, the ALJ reasonably inferred that Dr. Samaan's statements regarding multiple sclerosis, without any support from the objective medical evidence, should be rejected in favor of other medical assessments supported by the record. (AR at 15.) There

was ample evidence in the record regarding Plaintiff's alleged impairments, such as the opinions of the treating and consultative examiners, which the ALJ considered. (Id. at 10-16, 138-71, 179-99, 209-09, 213-15.) Therefore, the record was adequate to allow for a proper evaluation of Dr. Samaan's opinion and Plaintiff's impairments and limitations.

Even assuming the ALJ's duty further to develop the record was triggered, the ALJ adequately discharged such duty. See Tonapetyan, 242 F.3d at 1150 ("The ALJ may discharge this duty [to develop the record] in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record"); see also Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir.1998). After the hearing, the ALJ afforded Plaintiff an opportunity to supplement the record. (AR at 46.) Plaintiff supplemented the record with additional reports from Dr. Samaan, but Plaintiff failed to supplement the record with relevant MRI findings or other objective medical evidence to support Dr. Samaan's opinion. As Plaintiff was afforded and did not avail herself of an opportunity to adequately supplement the record, the ALJ properly discharged any duty she had to supplement the record further.

Based on the foregoing, the Court finds that the ALJ fully and fairly developed the record. Thus, there was no error.

**C.     The ALJ Posed a Complete Hypothetical to the VE.**

Plaintiff also claims that the ALJ erred by posing an incomplete hypothetical to the VE when the ALJ failed to incorporate limitations prescribed by Drs. Chang and Samaan. (JS at 15-17.) The Court disagrees.

"In order for the testimony of a VE to be considered reliable, the hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record." Thomas, 278 F.3d at 956 (quoting

Flores v. Shalala, 49 F.3d 562, 570-71 (9th Cir. 1995)). Hypothetical questions posed to a VE need not include all alleged limitations, but rather only those limitations which the ALJ finds to exist. See, e.g., Magallanes, 881 F.2d at 756-57; Copeland v. Bowen, 861 F.2d 536, 540 (9th Cir. 1988); Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986). As a result, an ALJ must propose a hypothetical that is based on medical assumptions, supported by substantial evidence in the record, that reflects the claimant's limitations. Osenbrock v. Apfel, 240 F.3d 1157, 1163-64 (9th Cir. 2001) (citing Roberts v. Shalala, 66 F.3d 179, 184 (9th Cir. 1995)); see also Andrews, 53 F.3d at 1043 (although the hypothetical may be based on evidence which is disputed, the assumptions in the hypothetical must be supported by the record).

Here, as stated above, the ALJ properly rejected the opinions of Drs. Chang and Samaan. See supra, Discussion Part III.A. Accordingly, there was no error in the ALJ's hypothetical questions to the VE which did not include the limitations prescribed by Drs. Chang and Samaan. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) ("Because the ALJ included all of the limitations that he found to exist, and because his findings were supported by substantial evidence, the ALJ did not err in omitting the other limitations that Rollins had claimed, but had failed to prove.").

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## IV.

## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

Dated: November 23, 2009

/s/ Oswald Parada
HONORABLE OSWALD PARADA
United States Magistrate Judge